UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

UNITED STATES OF AMERICA,          )
                                   )
        Plaintiff,                 )
                                   )        No. 5:26-CR-45-REW-EBA
v.                                 )
                                   )
ZACHARY ROSS ASHBURN,              )              ORDER
                                   )
        Defendant.                 )

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 18 (Minute Entry), United States Magistrate Judge Edward B. Atkins recommended that the undersigned accept Defendant Ashburn's guilty plea and adjudge him guilty of Count 1 and Count 2 (and forfeiture allegation) of the Indictment (DE 1). *See* DE 19 (Recommendation); *see also* DE 15 (Plea Agreement). Judge Atkins expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 19 at 2–3. The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, ORDERS as follows:

1. The Court ADOPTS DE 19, ACCEPTS Ashburn's guilty plea, and ADJUDGES him guilty of Count 1 and Count 2 of the Indictment (DE 1);

2. Further, per Judge Atkins's unopposed recommendation and Ashburn's agreement (DE 15 ¶ 10, at 4), the Court provisionally FINDS that the property identified in the Indictment (DE 1 at 2–4) is forfeitable, and that Defendant has an interest in said property, and preliminarily ADJUDGES Defendant's interest in such property FORFEITED.  Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing.  FED. R. CRIM. P. 32.2(b)(4)(A).  The Court will further address forfeiture at that time.  *See id.* at (b)(4)(B);

3. The Court will issue a separate sentencing order.[1]

This the 29th day of June, 2026.



Signed By:

*Robert E. Wier*

**United States District Judge**

---

[1] At the hearing, Judge Atkins remanded Ashburn to custody.  *See* DE 18.  This was his status following arraignment.  *See* DE 8 at 2.  Absent intervening orders, Defendant shall remain in custody pending sentencing.